DAVID J. McCOY'S APPEAL FROM PROBATE

Superior Court       New Haven County          File #51045

Present:   Hon. ARTHUR F. ELLS, Judge.

Morris B. Straka,                    Attorney for the Appellee.

John L. Collins;
FitzGerald, Foote & FitzGerald, Attorneys for the Appellant.

MEMORANDUM FILED APRIL 19, 1937.

ELLS, J. A very interesting legal question is involved in this case. It has been twice presented in earlier pleadings, but each time the Court decided the matter on technical and procedural grounds. It would be easy, and correct, to dismiss the present plea on the ground that it is too late, but it seems to me the time has come when the issue ought to be decided upon its merits.

An earlier will left a very large sum of money to two trustees for an "Evening School for deserving Catholic Boys, who through inability or circumstances could not complete their elementary education, and are gainfully employed during the daytime, thus furthering their education to fit themselves for life's problems". This is indeed a worthy purpose.

The will gives a niece, Caroline Barclay $6,000.00; a nephew Frederick Barclay $2,000.; a niece Elizabeth Barclay $2,000.

A will made two years later virtually annihilates the school trust fund, and leaves $100,000. to the niece Elizabeth and $25,000. to the nephew Frederick. It was admitted to probate, and an appeal allowed to one of the trustees of the school fund, who as his reason of appeal claims the testator was eighty-three when he made it, was entirely incapable of making the will, and that it was not his will, but that of others who exerted undue and improper influence upon him,— particularly the niece who got $100,000. instead of $2,000.

These are serious allegations. The legatees ask that the appeal be dismissed because the trustee is not an "aggrieved person".

On strong moral and common sense grounds it would seem that some person, either the proposed trustee or the Attorney General of the State, upon receiving knowledge of the trust stated in the earlier will, should investigate the circumstances surrounding the later will, and upon finding adequate cause, take steps to protect the interests of the testator and of the school. No one else could do it, for the school is not in existence.

The legal difficulties, however, are somewhat serious. They are not yet presented for decision,—in this motion they are merely seeking an opportunity to be heard. Since they go to the vital point of jurisdiction they should be determined at the earliest convenient stage of the proceedings.

The motion to erase the plea to the jurisdiction is denied.